**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| CXT SYSTEMS, INC., | § | Case No. 2:18-cv-00234-RWS |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| STAGE STORES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CXT Systems, Inc. ("CXT" or "Plaintiff"), for its First Amended Complaint against Defendant Specialty Retailers, Inc. ("Specialty" or "Defendant"), alleges as follows:

**THE PARTIES**

1.      CXT is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, Defendant Specialty is a corporation organized and existing under the laws of Texas, with its principal place of business located at 2425 West Loop S., Houston, Texas 77027.  Defendant may be served with process through its registered agent, Cogency Global Inc., located at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

3.      On information and belief, Defendant maintains regular and established places of business within this District including at the following locations: (1) Stage Longview, 3520 McCann Rd., Longview, TX 75605-4406; and (2) Stage Crockett, 1027 E Loop 304, Crockett, TX 75835-1806.  Upon information and belief, Defendant owns or leases the land or stores at these locations.  Upon information and belief, Defendant employs individuals in this District involved in the sales and marketing of its products.

## JURISDICTION

4.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District, has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

7.     Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

8.     On June 25, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,412,012 (the "'012 Patent") entitled "System, Method, and Article of

Manufacture for Making a Compatibility-Aware Recommendations to a User."  A true and correct copy of the '012 Patent is attached as Exhibit A.

9.      On December 10, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,493,703 (the "'703 Patent") entitled "System and Method for Implementing Intelligent Online Community Message Board."  A true and correct copy of the '703 Patent is attached as Exhibit B.

10.     On May 27, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,571,234 (the "'234 Patent") entitled "System and method for managing online message board."  A true and correct copy of the '234 Patent is attached as Exhibit C.

11.     On March 21, 2006 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,016,875 (the "'875 Patent") entitled "Single Sign-On for Access to a Central Data Repository."  A true and correct copy of the '875 Patent is attached as Exhibit D.

12.     On August 14, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,257,581 (the "'581 Patent") entitled "Storage, Management and Distribution of Consumer Information."  A true and correct copy of the '581 Patent is attached as Exhibit E.

13.     On September 4, 2012 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,260,806 (the "'806 Patent") entitled "Storage, Management and Distribution of Consumer Information."  A true and correct copy of the '806 Patent is attached as Exhibit F.

14.     On September 1, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE45,661 (the "'661 Patent") entitled "Online Content Tabulating System and Method."  A true and correct copy of the '661 Patent is attached as Exhibit G.

15.     CXT is the sole and exclusive owner of all right, title and interest to and in the '012 Patent, '703 Patent, '234 Patent, '875 Patent, '581 Patent, '806 Patent and '661 Patent (together, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. CXT also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

16.     The inventions covered by the '012 Patent generally cover systems and methods for providing a compatibility-aware recommendation output using user preference data and item compatibility rules.  In one embodiment, the system comprises a processor and input/output interfaces.  Systems implementing the inventions covered by the '012 Patent achieve significant benefits and improvements in their operation and performance.  By way of non-limiting example, by providing a compatibility-aware recommendation to a buyer of an e-commerce website, the seller's back-end computer system can devote less processing resources to retrieving information about unsought products.  This results in more efficient usage of the seller's system including in terms of both processing and communication resources.  Additionally, when a buyer focuses his shopping pursuits on items that are most appropriate this results in more efficient usage of the buyer's computer system in terms of processing, communication, power and display resources.

17.     E-commerce websites and computer systems supporting those websites (collectively, the "Accused Infrastructures") employ methods covered by the '012 Patent in order

4

to improve the shopping experience of their buyers.  The Accused Infrastructures practice a method of producing a compatibility filtered and weighted recommendation to a user by using a computer having a processing system with one or more processors and an input/output interface. The method employed by the Accused Infrastructures comprises receiving user preference data and item compatibility rules and producing a compatibility-aware recommendation output set using the user preference data and item compatibility rules.

18.     The inventions covered by the '703 Patent, '234 Patent and '661 Patent were invented by Timothy Knight and Nicholas Gross (collectively, the "Knight Patents").  The Knight Patents generally relate to systems and methods relating to optimizing the usability of online message boards such as those found at e-commerce websites.  In one embodiment, a user may search for specific customer reviews for a product and then perform an action such as indicating that a review was "helpful."  Systems implementing the inventions covered by the Knight Patents achieve significant benefits and improvements in their operation and performance.  As one example, users of the system can more easily navigate a website to find the most meaningful information, such as helpful reviews.  By finding the most relevant information in a speedy manner, efficient usage of the seller's system, including from the perspective of both processing and communication resources, is achieved.  Additionally, the inventive system permits review of information so as to enable more efficient usage of the computer system.  This includes efficiencies in terms of processing, communication, power and display resources.

19.     The Accused Infrastructures employ methods covered by the Knight-Gross Patents in order to improve the shopping experience of buyers.  For example, the Accused Infrastructures processes a user command associated with one or more electronic message items

taken from a set of electronic message items, where the user command is used to locate an author of a message item originating from a particular author.

20.     The inventions covered by the '875 Patent, '581 Patent and '806 Patent were invented by Nick Steele, Stan Hawkins, Joe Maranville and Andrew Bradnan (collectively, the "Steele Patents").   The Steele Patents generally cover systems and methods relating to optimizing online shopping experience.  For example, in one embodiment, an authenticated user may access and control relevant account information such as shipping address or credit card information.  In another embodiment, a user need only authenticate himself once in order to repeatedly access consumer information associated with different websites.   In a third embodiment, an application is executed at the client side which manages the request/response process for the client side.  Systems implementing the inventions covered by the Steele Patents achieve significant benefits and improvements in their operation and performance.  By allowing a user to store and repeatedly access relevant account information, more efficient usage of the system is achieved.

21.     The Accused Infrastructures employ methods covered by the Steele Patents in order to improve the shopping experience of their buyers.  The Accused Infrastructures practice a method comprising retrieving selected consumer information elements from the information stored within an online account by filtering data from the online account with a database management system, and transmitting the selected consumer information elements, over a distributed electronic network, to the network device.

22.     On information and belief, Specialty is in the business of selling clothing, accessories, beauty products and home decor products through its website available at http://stage.com (the "Specialty Website") and has been since at least as early as 2012.   On

6

information and belief, Specialty has owned and operated the Specialty Website at all times.  On information and belief, the Specialty Website is supported by a computer system such as one or more servers.  Together, the current and previous versions of the Specialty Website and their backend computers systems are instances of the Accused Infrastructures ("Accused Specialty Infrastructures").  On information and belief, the Accused Infrastructures are hosted within the United States.

23.     CXT has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.  On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## COUNT I
### (Infringement of the '012 Patent)

24.     Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

25.     CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '012 Patent.

26.     Defendant has directly infringed and continues to directly infringe the '012 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '012 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '012 Patent.  These products infringe at least claim 20 of the '012 Patent.

27.     On information and belief, at least one version of the Accused Specialty Infrastructures comprises a computer having a processing system having one or more processors and an input/output interface.

28.     On information and belief, at least one version of the Accused Specialty Infrastructures practices a method of producing a compatibility filtered and weighted recommendation to a user wherein the method comprises receiving user preference data, and item compatibility rules, and producing a compatibility-aware recommendation output set using the user preference data and the item compatibility rules.

29.     One example where a compatibility-aware recommendation is provided is shown in Figure 1 where different products are recommended to a user who has clicked on one product.



*(Figure 1 - Personalized recommendation of products upon viewing of a particular product at Specialty Website.)*

30.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '012 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Specialty Infrastructures that practice the systems and methods covered by the '012 Patent.

31.     Defendant, with knowledge that these products, or the use thereof, infringe the '012 Patent knowingly and intentionally induced, and continues to knowingly and intentionally

induce, direct infringement of the '012 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

32.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '012 Patent, but while remaining willfully blind to the infringement.

33.     CXT has suffered damages as a result of Defendant's direct infringement of the '012 Patent in an amount to be proved at trial.

34.     CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '012 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

<u>**COUNT II**</u>
**(Infringement of the '703 Patent)**

35.     Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

36.     CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '703 Patent.

37.     Defendant has directly infringed and continues to directly infringe the '703 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '703 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '703 Patent.  These products infringe at least claim 16 of the '703 Patent.

38.     On information and belief, at least one version of the Accused Specialty Infrastructures comprises an electronic message board system used by a community of users and operates in part of an online server.

39.     On information and belief, at least one version of the Accused Specialty Infrastructures stores message data on the online server and constructs searchable collections of said message data, said searchable collections being based on a set of predefined query parameters, so that at least some of said message data is accessible to at least some of the community of users.  For example, message data can comprise reviews and ratings for products sold on the Accused Specialty Infrastructures and predefined query parameters can comprise those reviews that ranked four stars.

40.     On information and belief, at least one version of the Accused Specialty Infrastructures handles user queries to said message data by interacting with a web browser program executing at a user computer system remote from the online server, said queries being based on said predefined query parameters.  For example, user queries may request all four star reviews for a particular product.

41.     On information and belief, at least one version of the Accused Specialty Infrastructures configures an integrated interface for a user to formulate queries, said integrated interface including: i) a first display region for providing a visible display of a message list of at least some of any message entries retrieved in response to said queries, said list including at least some identifying parameters for each of said message entries; and ii) a second display region for providing a visible display of at least some substantive information for a user-selected one of said message entries, said substantive information being simultaneously visible with said message list displayed in said first display region wherein said integrated interface is configured

11

so that the user can perform searching, listing and reviewing operations associated with said message entries simultaneously within a single window of said integrated interface, said reviewing operations including a presentation to the user of all substantive information for at least one of said message entries.  For example, as shown in Figure 2, the interface displays the four star reviews in response to a query, allows the user to search, list, and review those messages, or to perform a different query and provides substantive information and identifying information for the reviews shown.



*(Figure 2 - Interface showing the four star reviews for a selected product.)*

42.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '703 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such

as the Accused Specialty Infrastructure that practice the systems and methods covered by the '703 Patent.

43.     Defendant, with knowledge that these products, or the use thereof, infringe the '703 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '703 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

44.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '703 Patent, but while remaining willfully blind to the infringement.

45.     CXT has suffered damages as a result of Defendant's direct infringement of the '012 Patent in an amount to be proved at trial.

46.     CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '703 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

<u>**COUNT III**</u>
**(Infringement of the '234 Patent)**

47.     Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

48.     CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '234 Patent.

49.     Defendant has directly infringed and continues to directly infringe the '234 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United

13

States products that satisfy each and every limitation of one or more claims of the '234 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '234 Patent.  These products infringe at least claim 21 of the '234 Patent.

50.     On information and belief, at least one version of the Accused Specialty Infrastructures practices a method comprising handling message item postings and queries made to an electronic message board system comprising storing message items so that they are searchable by users accessing the message board system based on a plurality of predefined information categories.  For example, the predefined information categories of the messages can comprise 1) product associated with reviews and 2) product ratings assigned in reviews as shown in Figure 2.

51.     On information and belief, at least one version of the Accused Specialty Infrastructures practices a method comprising configuring a user interface for said users when such users access the message board system such that said plurality of predefined information categories are set up as filter selection items within said interface.

52.     On information and belief, at least one version of the Accused Specialty Infrastructures receives a user query received from said user interface based on at least one of said filter selection items.

53.     On information and belief, at least one version of the Accused Specialty Infrastructures locates a set of electronic message items on the message board system corresponding to said user query.

54.     On information and belief, at least one version of the Accused Specialty Infrastructures transmits a set of electronic message items to said user so that they can be

perceived simultaneously with said filter selection items within said interface by said user.  For example, a user may desire to see only four star reviews as shown in Figure 2.

55.     On information and belief, at least one version of the Accused Specialty Infrastructures processes a user command associated with one or more of said electronic message items taken from said set of electronic message items, which user command is used to locate an author of said message items and/or additional message items originating from said author.  For example, a user may select to indicate that a review by a particular author was helpful as shown in Figure 2.

56.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '234 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Specialty Infrastructures that practice the systems and methods covered by the '234 Patent.

57.     Defendant, with knowledge that these products, or the use thereof, infringe the '234 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '234 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

58.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '234 Patent, but while remaining willfully blind to the infringement.

15

59.     CXT has suffered damages as a result of Defendant's direct infringement of the '234 Patent in an amount to be proved at trial.

60.     CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '234 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

### COUNT IV
### (Infringement of the '661 Patent)

61.     Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

62.     CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '661 Patent.

63.     Defendant has directly infringed and continues to directly infringe the '661 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '661 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '661 Patent.  These products infringe at least claim 37 of the '661 Patent.

64.     On information and belief, one or more versions of the Accused Specialty Infrastructures implements a method comprising storing message items of a message board system, wherein the message items are searchable by access to the message board system based on a plurality of predefined information categories.

65.     On information and belief, at least one version of the Accused Specialty Infrastructures configures an interface for the access to the message board system with the plurality of predefined information categories as filter selection items within the interface.

66.     On information and belief, at least one version of the Accused Specialty Infrastructures receives a query via the interface and at least one of the filter selection items.

67.     On information and belief, at least one version of the Accused Specialty Infrastructures provides at least one of the message items of the message board system corresponding to the received query for simultaneous perception with the filter selection items via the interface.

68.     On information and belief, at least one version of the Accused Specialty Infrastructures processes a command associated with at least one of the message items of the at least one of the message items of the message board system corresponding to the received query, which command is associated with at least one of an author of the message items and at least one of the message items on the message board system originating from the author.  For example, as shown in Figure 2, the command may be to indicate that the review is helpful.

69.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '661 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Specialty Infrastructures that practice the systems and methods covered by the '661 Patent.

70.     Defendant, with knowledge that these products, or the use thereof, infringe the '661 Patent knowingly and intentionally induced, and continues to knowingly and intentionally

induce, direct infringement of the '661 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

71.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '661 Patent, but while remaining willfully blind to the infringement.

72.     CXT has suffered damages as a result of Defendant's direct infringement of the '661 Patent in an amount to be proved at trial.

73.     CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '661 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT V
### (Infringement of the '875 Patent)

74.     Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

75.     CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '875 Patent.

76.     Defendant has directly infringed and continues to directly infringe the '875 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '875 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '875 Patent.  These products infringe at least claim 1 of the '875 Patent.

77.     On information and belief, at least one version of the Accused Specialty Infrastructures implements a method for providing access to an information account stored in a central data repository that is accessible via a distributed network and is coupled to a database management system the information account containing consumer information elements that are changed by the consumer.

78.     On information and belief, at least one version of the Accused Specialty Infrastructures receives, over the distributed electronic network, a first request from a network device for access to the information account and consumer authentication information in response to the consumer inputting the consumer authentication information while interacting with a first web-site.

79.     On information and belief, at least one version of the Accused Specialty Infrastructures, in response to the request, authenticates the consumer with the database management system based on the consumer authentication information, thereby providing the consumer with access to the information account stored in the central data repository, a first consumer information element of the information account comprising one or more name fields to identify the consumer, a second consumer information element of the information account comprising one or more geographic address fields associated with the consumer.

80.     On information and belief, at least one version of the Accused Specialty Infrastructures, in response to the first, second, and subsequent requests for access to the information account stored in the central data repository, retrieves one or more consumer information element from the information account by filtering data from the information account with the database management system based on an identification of a web-site being accessed by the consumer.

19

81.     On information and belief, at least one version of the Accused Specialty Infrastructures sends the retrieved consumer information elements over the distributed electronic network.

82.     On information and belief, at least one version of the Accused Specialty Infrastructures parses the retrieved consumer information elements.

83.     On information and belief, at least one version of the Accused Specialty Infrastructures auto-populates input fields of a displayed web page file of the web-site being accessed by the consumer with the consumer information elements as shown in Figure 3.



*(Figure 3 -User account with certain information autopopulated.)*

84.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '875 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Specialty Infrastructures that practice the systems and methods covered by the '875 Patent.

85.    Defendant, with knowledge that these products, or the use thereof, infringe the '875 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '875 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

86.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '875 Patent, but while remaining willfully blind to the infringement.

87.    CXT has suffered damages as a result of Defendant's direct infringement of the '875 Patent in an amount to be proved at trial.

88.    CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '875 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**COUNT VI**
**(Infringement of the '581 Patent)**

89.    Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

90.     CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '581 Patent.

91.     Defendant has directly infringed and continues to directly infringe the '581 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '012 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '581 Patent.  These products infringe at least claim 1 of the '581 Patent.

92.     On information and belief, at least one version of the Accused Specialty Infrastructures implements a method for storing, managing and distributing consumer information via a distributed electronic network.

93.     On information and belief, at least one version of the Accused Specialty Infrastructures stores an information account in a central data repository accessible via the distributed electronic network, where the information account comprising a plurality of consumer information elements associated with a consumer and being subject to the consumer's control and management.

94.     On information and belief, at least one version of the Accused Specialty Infrastructures receives with a database management system, a request over the distributed electronic network from a network device for one or more selected consumer information elements, the request including consumer authentication information and being made by the network device responsive to an input command supplied by the consumer.

95.     On information and belief, at least one version of the Accused Specialty Infrastructures authenticates the consumer based on the authentication information, retrieves the selected consumer information elements from the information account by filtering data from the information account with the database management system, and transmits the selected consumer information elements, over the distributed electronic network, to the network device.

96.     On information and belief, at least one version of the Accused Specialty Infrastructures autopopulates the selected consumer information elements into at least one input field of a web page file.   For example, after a user has authenticated himself he has access to his account where certain customer information elements are autopopulated as shown in Figure 3.

97.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '581 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Specialty Infrastructures that practice the systems and methods covered by the '581 Patent.

98.     Defendant, with knowledge that these products, or the use thereof, infringe the '581 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '581 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

99.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '581 Patent, but while remaining willfully blind to the infringement.

23

100.    CXT has suffered damages as a result of Defendant's direct infringement of the '581 Patent in an amount to be proved at trial.

101.    CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '581 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT VII
### (Infringement of the '806 Patent)

102.    Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth in their entireties.

103.    CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '806 Patent.

104.    Defendant has directly infringed and continues to directly infringe the '806 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '806 Patent. Upon information and belief, these products include the Accused Specialty Infrastructures that practice the methods and systems covered by the '806 Patent.  These products infringe at least claim 1 of the '875 Patent.

105.    On information and belief, at least one version of the Accused Specialty Infrastructures comprises computer-readable storage medium having stored thereon computer-executable instructions for storing, managing, and distributing consumer information via a distributed electronic network, by causing a computing device to perform operations.

106.    On information and belief, the executable instructions stored on at least one version of the Accused Specialty Infrastructures determine one or more consumer information

elements for fields of a web page, the one or more consumer information elements associated with an information account and in a data storage accessible via the distributed electronic network, the information account comprising a plurality of consumer information elements associated with a consumer and being subject to the consumer's control and management.

107.    On information and belief, the executable instructions stored on at least one version of the Accused Specialty Infrastructures cause a browser to display a web page file that has been retrieved from a vendor server, the web page file including an instruction that causes the browser to request transmission of a client-side application having at least a temporary portion.

108.    On information and belief, the executable instructions stored on at least one version of the Accused Specialty Infrastructures execute at a network device an application configured to manage a request/response process for the network device.

109.    On information and belief, the executable instructions stored on at least one version of the Accused Specialty Infrastructures transmits over the distributed electronic network from the network device a request for the determined one or more consumer information elements the request including consumer authentication information and being made by the network device responsive to an input command supplied by the consumer.

110.    On information and belief, the executable instructions stored on at least one version of the Accused Specialty Infrastructures receives at the network device the one or more consumer information elements filtered from the information account.

111.    On information and belief, the executable instructions stored on at least one version of the Accused Specialty Infrastructures autopopulates the filtered one or more consumer information elements into corresponding fields.

112.    For example, after a user has authenticated himself he has access to his account where certain customer information elements are autopopulated as shown in Figure 3.

113.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '806 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Specialty Infrastructures that practice the systems and methods covered by the '806 Patent.

114.    Defendant, with knowledge that these products, or the use thereof, infringe the '806 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '806 Patent by providing these Accused Specialty Infrastructures to end users for use in an infringing manner.

115.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '806 Patent, but while remaining willfully blind to the infringement.

116.    CXT has suffered damages as a result of Defendant's direct infringement of the '806 Patent in an amount to be proved at trial.

117.    CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '806 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CXT prays for relief against Defendant as follows:

a.     Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.     An order awarding damages sufficient to compensate CXT for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

c.     Entry of judgment declaring that this case is exceptional and awarding CXT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

d.     Such other and further relief as the Court deems just and proper.

Dated:  August 8, 2018                                 Respectfully submitted,

                                          /s/ Alfred R. Fabricant
                                          Alfred R. Fabricant
                                          NY Bar No. 2219392
                                          Email: afabricant@brownrudnick.com
                                          Peter Lambrianakos
                                          NY Bar No. 2894392
                                          Email: plambrianakos@brownrudnick.com
                                          Vincent J. Rubino, III
                                          NY Bar No. 4557435
                                          Email: vrubino@brownrudnick.com
                                          Shahar Harel
                                          NY Bar No. 4573192
                                          Email: sharel@brownrudnick.com
                                          **BROWN RUDNICK LLP**
                                          7 Times Square
                                          New York, NY 10036
                                          Telephone: (212) 209-4800
                                          Facsimile: (212) 209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

*ATTORNEYS FOR PLAINTIFF*
*CXT SYSTEMS, INC.*